UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALLEN GRANT BOYAR,

        Plaintiff,

    v.                                                                20-cv-66 (JLS) (MJR)

STEVEN T. MNUCHIN, Secretary of
the United States Department of
Treasury,

        Defendant.

---

## DECISION AND ORDER

*Pro se* Plaintiff Allen Grant Boyar commenced this action against Steven T. Mnuchin, Secretary of the United States Department of Treasury, on January 17, 2020, raising claims of disparate treatment, hostile work environment, and retaliation. Dkt. 1. On May 15, 2020, this Court referred this case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 6. Presently before the Court is Judge Roemer's Report and Recommendation ("R&R") and decision and order (Dkt. 11) addressing Defendant's motion to dismiss the complaint for failure to state a claim and for failure to exhaust administrative remedies (Dkt. 4), as well as Boyar's motion for appointment of counsel (Dkt. 2).

For the reasons discussed below, the Court accepts Judge Roemer's recommendations and grants the motion to dismiss. Judge Roemer's order denying the motion for appointment of counsel is affirmed.

## BACKGROUND

This Court assumes the parties' familiarity with the details of this case, outlined in Judge Roemer's R&R, and will provide only a brief summary of the relevant background.

Boyar began working for the Internal Revenue Service ("IRS") on November 14, 2016. Dkt. 1, at 2. He worked as a Contact Representative at an IRS call center in Cheektowaga, NY. *Id.* at 5. After completing training, Boyar reportedly began having problems with his supervisor, Julie Walsh, including several alleged incidents of harassment. *Id.* at 5-6. Boyar's requests for a change in manager were denied. *Id.* at 6. Boyar alleges he was retaliated against with a dress code violation citation and a complaint against him for unwanted advances towards a co-worker. *Id.* He was terminated on April 20, 2017. *Id.* at 5-6.

Boyar initially made contact with Defendant's Equal Employment Opportunity Office on May 26, 2017. *Id.* at 13. Boyar filed a formal administrative complaint on September 7, 2017. *Id.* at 3, 11-14. On September 19, 2019, the Equal Employment Opportunity Commission issued its decision in favor of the IRS. *Id.* at 15-28. On October 21, 2019, the Treasury Department rendered a final order adopting the EEOC decision. *Id.* at 30-31.

Boyar filed this action on January 17, 2020. *See id.* at 1-7. He alleges (1) disparate treatment on the basis of sex, religion, and national origin under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), as well as New York State Human Rights Law, N.Y. Exec Law §§ 290, *et seq.* ("NYSHRL"); (2)

disparate treatment on the basis of age under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA") and NYSHRL; (3) hostile work environment under Title VII, the ADEA, and the NYSHRL; and (4) retaliation under Title VII, the ADEA, and the NYSHRL.[1]  *Id.*  Boyar also moved for appointment of counsel.  Dkt. 2.  On May 14, 2020, Defendant moved to dismiss the complaint in its entirety for failure to state a claim and for failure to exhaust administrative remedies.  Dkts. 4-5.

On August 24, 2020, Judge Roemer issued a combined R&R and decision and order.  *See generally* Dkt. 11.  First, Judge Roemer denied Boyar's motion for appointment of counsel.  *Id.* at 4-5, 18.  Regarding the motion to dismiss, Judge Roemer recommended that Boyar's retaliation claims be dismissed for failure to exhaust administrative remedies, *id.* at 7-10; that Boyar's disparate treatment claims on the bases of sex, religion, national origin, and age be dismissed for failure to state a claim, *id.* at 10-14; and that Boyar's hostile work environment claim be dismissed for failure to state a claim, *id.* at 14-17.  As a result, Judge Roemer recommended that Defendant's motion to dismiss be granted and that all claims against Defendant be dismissed with prejudice.  *Id.* at 18.

Boyar filed objections to the R&R on November 30, 2020.  Dkt. 17.  Defendant responded on December 11, 2020.  Dkt. 18.

---

[1] Boyar decided not to pursue his claims under the NYSHRL.  Dkt. 9, at 4.

## DISCUSSION

### I.     BOYAR'S MOTION FOR APPOINTMENT OF COUNSEL

Pursuant to the referral order of May 15, 2020 (Dkt. 6), Judge Roemer was authorized to issue decisions on non-dispositive motions and applications, as well as hearing and reporting on dispositive motions pursuant to 28 U.S.C. § 646(b)(1)(B) and (C).  Dkt. 6.  For non-dispositive matters, this Court must consider timely objections to a magistrate judge's order and modify or set aside any part of the order that is clearly erroneous or is contrary to law.  Fed. R. Civ. P. 72(a).  A motion for appointment of counsel is non-dispositive.  *See, e.g.*, *Robinson v. U.S. Army*, No. 95-CV-180, 1996 WL 91904, at *2 (N.D.N.Y. Feb. 29, 1996) (reviewing a magistrate judge's denial of motion for appointment of counsel as a non-dispositive matter subject to the "clearly erroneous" or "contrary to law" standard under Rule 72).

Based on this court's review, Judge Roemer's denial of Boyar's motion for appointment of counsel was not clearly erroneous or contrary to the law.  *See* Fed. Civ. P. 72(a).  Thus, this Court affirms Judge Roemer's order denying the motion for appointment of counsel.

### II.    DEFENDANT'S MOTION TO DISMISS

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

4

This Court has carefully reviewed the R&R, the objections and responses, and the relevant record in this case.  Based on that *de novo* review, the Court accepts Judge Roemer's recommendation to grant Defendant's motion to dismiss.  Boyar's claims are dismissed with prejudice.

## CONCLUSION

For the reasons stated above and in the R&R, Defendant's motion to dismiss (Dkt. 4) is GRANTED.  The motion for appointment of counsel is DENIED.  The Clerk is directed to close the file.


SO ORDERED.

Dated:          January 4, 2021
                Buffalo, New York


_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE